Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Kerry Brownlee (KB 0823)
kbrownlee@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiff MIEH, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MIEH, INC.<br><br>         Plaintiff,<br><br>   v.<br><br>TEKNO PRODUCTS, INC., MAX DELUXE LIMITED and MENARD, INC.<br><br>         Defendants. | Civil Action No. 19-cv-178<br><br>**COMPLAINT**<br><br>**Jury Trial Requested** |

Plaintiff MIEH, Inc. ("MIEH" or "Plaintiff"), a corporation organized under the laws of Delaware, by and through its undersigned counsel, alleges as follows:

### NATURE OF THE ACTION

1. This is a civil action for patent infringement, arising under the patent laws of the United States, 35 U.S.C. § 101 *et seq.*, including 35 U.S.C. § 271; and the Copyright Act, 17 U.S.C. §§ 101 *et seq.* (the "Action"), arising from Defendants' advertising, promotion, offering for sale and/or sales of their TPR Product (defined *infra*).

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction over the claims asserted in this Action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as well as pursuant to the patent laws of the United States of America, 35 U.S.C § 100 *et seq.*, as an action arising, in part, out of the infringement of U.S. Patent No. 9,731,212 and the Copyright Act, 17 U.S.C. §§ 101 *et seq.*; and pursuant to 28 U.S.C. § 1332, as there is diversity between the parties and the matter in controversy exceeds, exclusive of interests and costs, the sum of seventy-five thousand dollars.

3. Personal jurisdiction exists over Defendants in this judicial district because, upon information and belief, Defendants regularly conduct, transact and/or solicit business and/or contract to supply goods (including the Turbo Pipes Race Product, defined *infra*) in the State of New York and in this judicial district; have committed tortious acts within, and without, the State of New York and this judicial district; derive substantial revenue from their business transactions in the State of New York and in this judicial district; otherwise avail themselves of the privileges and protections of the laws of the State of New York such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process; and/or Defendants' infringing actions have caused injury to Plaintiff in New York and in this judicial district such that Defendants should reasonably expect such actions to have consequences in the State of New York and in this judicial district.

4. Venue is proper within this judicial district under, *inter alia*, 28 U.S.C. § 1400, given that Defendants regularly conduct business in this judicial district and/or have committed the infringing and illegal acts, as set forth herein, in this judicial district.

## THE PARTIES

5. Plaintiff MIEH, Inc. ("MIEH" or "Plaintiff") is a Delaware corporation, with its principal place of business at 1725 McGovern Avenue, Suite 200, Highland Park, IL 60035.

6. Upon information and belief, Defendant Tekno Products, Inc. ("Tekno") is a New Jersey corporation with its principal place of business at 201 NJ-17, Suite 603, Rutherford, NJ 07070.

7. Upon information and belief, Defendant Max Deluxe Limited ("Max") is a Hong Kong corporation with its principal place of business at 27-33 Nathan Road Unit F, 8/F, Alpha House, Tsim Sha Tsui, Kowloon, Hong Kong.

8. Upon information and belief, Defendant Menard, Inc. ("Menard") is a Wisconsin corporation with its principal place of business at 5101 Menard Drive, Eau Claire, WI 54703-9625.

9. Tekno, Max and Menard, all of which, upon information and belief, do business throughout the United States, including in the State of New York and this judicial district, are collectively hereinafter referred to as "Defendants".

## GENERAL ALLEGATIONS

### MIEH's Successful ZIPES® Product

10. MIEH is the designer of novel consumer products. On or about October 1, 2016, MIEH, through its predecessor-in-interest, Neat Oh! International, LLC (NOI")[1], obtained the exclusive U.S. (among other territories) patent rights from Everite Transworld Limited ("ETL"), to technology for a motorized toy car that runs inside tube assemblies called Rocket Wheels, ("RW Technology").

11. MIEH holds, by exclusive license from ETL, all substantial right, title and interest in the RW Technology, protected by U.S. Patent 9,731,212 (Toy Track System and Toy Vehicle

---

[1] On or about December 21, 2017, NOI assigned all its right, title and interest in and to the '212 Patent to MIEH. In fact, the original agreement between ETL and NOI acknowledged that NOI had the right to assign the agreement to MIEH and that MIEH was a third-party beneficiary of the agreement, with ETL, NOI and MIEH, all as signatories to said agreement.

3

for Moving Therein) (the '212 Patent"), a true and authentic copy of which is attached hereto as Exhibit A.

12. The '212 Patent was filed on December 1, 2015 and was issued by the United States Patent and Trademark Office on August 15, 2017.

13. Upon information and belief, on or about November 4, 2015, the exclusive rights to the '212 Patent were assigned by the inventor to Ever Victory Technology Limited, and thereafter from Ever Victory Technology Limited to ETL.

14. On or about October, 2016, MIEH through NOI, began to market and promote a motorized toy car that runs inside tube assemblies called ZIPES, that both incorporated motorized car tube technology developed by NOI and the '212 Patent motorized car tube technology ("ZIPES Product").

15. MIEH, as predecessor-in-interest to NOI, is the owner of all proprietary rights in the ZIPES Product other than the '212 Patent technology, namely, the ZIPES trademark, copyrighted commercial, product packaging and user manual.

16. On or about September 27, 2018, a copyright registration issued for the "Zipes Speed Pipes Performance Pack Instructions", U.S. Copyright Reg. No. TX 8-613-257 ("ZIPES Copyright"). A copy of the ZIPES Copyright and its associated deposit materials accompanies this Complaint as Exhibit B.

17. The ZIPES Product became an instant success on television and in retail stores. The ZIPES Product was immediately recognized with awards, most importantly, as a TOTY nominee in October 2017, and TOTY finalist on Nov 3, 2017.

**Defendants' Wrongful and Infringing Turbo Pipes Race**

18. In light of the high demand for the ZIPES Product, Defendants (Max as manufacturer, Tekno as distributor and Menard as retailer) attempted to capitalize on MIEH's intellectual property rights (owned and licensed), and the goodwill and reputation associated therewith, by manufacturing, marketing and selling an imitation of the ZIPES Product, launched sometime after the ZIPES Product's successful debut, under the name "Turbo Pipes Race" ("TPR Product").

19. Like the ZIPES Product, the TPR Product is a motorized toy car that runs inside tube assemblies. Defendants deliberately and wrongfully copied the '212 Patent technology that made the ZIPES Product so popular. As a result of this copying, Defendants' TPR Product infringes the '212 Patent

20. The '212 Patent covers MIEH's ZIPES Product.

21. Defendants' TPR Product infringes the '212 Patent, including at least independent Claim 10 and claims 11- 19, directly or indirectly dependent upon claim 10.

22. Claim 10 of the '212 Patent states:

> 10. A toy vehicle for moving in and along a toy track system having a longitudinal central plane including a longitudinal central axis, comprising: a vehicle body having opposite first and second end portions and opposite first and second sides; a driving wheel provided at the first end portion on the first side of the vehicle body for frictional engagement with an inner surface of said track system to move the vehicle body; an electric motor provided in the vehicle body for rotating the driving wheel; gears provided in the vehicle body for transmitting drive from the electric motor to the driving wheel for rotating the driving wheel; a presser mounted at the first end portion on the second side of the vehicle body and resiliently biased in a direction directly opposite and away from the driving wheel for bearing against said inner surface to maintain said frictional engagement of the driving wheel; at least two principal guiding members provided on the first end portion of the vehicle body, the principal guiding members being angular displaced from the driving wheel and the presser for maintaining the driving wheel substantially in a said central plane when the toy vehicle moves along the toy track system; and at least three auxiliary guiding members provided on the second end portion of the vehicle body and angularly displaced from the principal guiding members for maintaining the driving wheel substantially in a said central plane when the toy vehicle moves along the toy track system.

23. Defendants' TPR Product meets all limitations of Claim 10 as demonstrated in Exhibit C, which is a claims chart including an element-by-element comparison of the limitations of Claim 10 and the corresponding elements of the toy vehicle of the TPR Product.

24. Defendants also deliberately and wrongfully copied the ZIPES Copyright in the user manual. A copy of the TPR Product user manual, along with true and correct photographs of the packaging for the TPR Product, accompanies this Complaint as Exhibit D.

25. Counsel for Plaintiff put Defendants Tekno and Menard on notice of their infringing and illegal actions, as set forth herein, on or about December, 2018. Defendants Tekno and Menard have continued to sell the infringing TPR Product in blatant disregard of Plaintiff's rights in the '212 Patent and ZIPES Copyright.

## **CLAIMS FOR RELIEF**

### **FIRST CAUSE OF ACTION**
**(Infringement of the '212 Patent Under 35 U.S.C. § 271)**

26. Plaintiff repeats and re-alleges the allegations set forth above, as though fully set forth herein.

27. In violation of 35 U.S.C. § 271, Defendants have designed, used, offered to sell, sold and/or imported into the United States, and on information and belief, are still designing, using, offering to sell, selling, and/or importing into the United States, products that infringe directly or indirectly through contributory and/or induced infringement, of '212 Patent, including, at least Claims 10 – 19 thereof, without Plaintiff's authorization or consent.

28. Defendants will, on information and belief, continue to infringe upon Plaintiff's rights under 35 U.S.C. § 271, unless and until they are enjoined by this Court. Plaintiff has been and is likely to continue to be irreparably injured unless Defendants are enjoined and therefore, Plaintiff has no adequate remedy at law.

29. Plaintiff has been damaged by Defendants' infringing activities, as alleged herein, and Plaintiff is entitled to recover damages adequate to compensate Plaintiff for such infringement, including, but not limited to, Plaintiff's lost profits, a reasonable royalty, treble damages pursuant to 35 U.S.C. § 284, costs, pre and post judgment interest at the maximum allowable rate, attorneys' fees, and such other relief that this Court deems just and proper.

## SECOND CAUSE OF ACTION
### (Federal Copyright Infringement Under 17 U.S.C. § 501(a))

30. Plaintiff repeats and re-alleges every allegation set forth in the preceding paragraphs.

31. Plaintiff is the exclusive owner of the ZIPES Copyright.

32. Defendants had, and currently have, actual notice of Plaintiff's exclusive rights in and to the ZIPES Copyright.

33. Defendants did not attempt and failed to obtain Plaintiff's consent or authorization to use, manufacture, reproduce, copy, display, prepare derivative works of, distribute, sell, transfer, rent, perform, and/or market Plaintiff's ZIPES Copyright.

34. Without permission, Defendants knowingly and intentionally reproduced, copied and displayed Plaintiff's ZIPES Copyright by using a user manual for its TPR Product that is, at a minimum, substantially similar to Plaintiff's ZIPES Copyright.

35. Defendant's unlawful and willful actions, as alleged herein, constitute infringement of Plaintiff's ZIPES Copyright, including Plaintiff's exclusive rights to reproduce, distribute and/or sell said ZIPES Copyright in violation of 17 U.S.C. § 501(a).

36. Defendant's knowing and intentional copyright infringement, as alleged herein, has caused substantial and irreparable harm to Plaintiff and unless enjoined, Defendant will continue

to cause substantial and irreparable harm to Plaintiff for which it has no adequate remedy at law. Plaintiff is therefore entitled to injunctive relief, Plaintiff's actual damages and Defendant's profits in an amount to be proven at trial and enhanced discretionary damages or, in the alternative, statutory damages for willful copyright infringement of up to $150,000 per work infringed, and reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, by reason of the foregoing, Plaintiff requests that this Court:

a. enter judgment in Plaintiff's favor and against all Defendants on all claims;

b. adjudge and decree that Defendants have unlawfully infringed, contributorily infringed and/or induced infringement of the '212 Patent;

c. preliminarily and permanently enjoin Defendants and their agents and all those acting in concert or participation with them from importing, distributing, advertising, promoting, selling, or offering for sale any products that infringe any claim of the '212 Patent, including, without limitation the TPR Product;

d. require Defendants to pay Plaintiff any damages Plaintiff has suffered arising out of and/or as a result of Defendants' patent infringement, including Plaintiff's lost profits and/or reasonable royalties, and treble damages pursuant to 35 U.S.C. § 284, plus pre and post judgment interest at the maximum allowable rate, for Defendants' patent infringement;

e. For an award of Plaintiff's actual damages and Defendants' profits, pursuant to 17 U.S.C. § 504(b) in an amount to be proven at trial for willful copyright infringement of Plaintiff's ZIPES Copyright under 17 U.S.C. § 501(a);

f. In the alternative to Plaintiff's actual damages and Defendants' profits for copyright infringement of Plaintiff's ZIPES Copyright pursuant to 17 U.S.C. §

8

504(b), for statutory damages of up to $150,000 per work infringed pursuant to 17 USC § 504(c) for willful copyright infringement, which Plaintiff may elect prior to the rendering of final judgment;

g. award Plaintiff its reasonable attorney's fees;

h. award Plaintiff all costs of suit; and

i. grant Plaintiff any such other and further relief that the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues and claims so triable.

Dated: January 7, 2019                     Respectfully submitted,

**EPSTEIN DRANGEL LLP**

BY: /s/ Jason M. Drangel
Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Kerry Brownlee (KB 0823)
kbrownlee@ipcounselors.com
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiff*